**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| DEVON JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-28 SNLJ |
| | ) | |
| DWIGHT BUCKNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is imprisoned at the Southeast Correctional Center ("SECC"). He brings this action against Dwight Buckner, Todd Vandergriff, Michael McGill, and Willie Ward, all of whom are officials there, in their individual and official capacities.

Plaintiff alleges that on December 29, 2014, defendants Buckner and Ward were informed that personal property had been stolen from several prison cells. He says that they reviewed the camera footage and determined who stole the property. He claims that they knew he did not steal anything, but he says they publicly accused him of being the thief in order to place him in segregation and cause the other inmates to harm him. Plaintiff alleges that Buckner and Ward were motivated to punish him because he is African-American.

Plaintiff asserts that defendant Vandergriff reviewed the camera footage and saw that Buckner and Ward had falsely accused him. Vandergriff then ordered that plaintiff be returned to the general population. Plaintiff claims that Vandergriff, Buckner, and Ward were aware that releasing him to the general population put him in danger of being attacked by other inmates. Plaintiff alleges that the other inmates had told prison officials that they intended to harm the person who stole their property.

Plaintiff was assaulted the following day by several inmates. He says he suffered severe physical injuries as a result. He complains that he was given a conduct violation for participating in a riot. He claims that defendant McGill did not properly investigate the incident or allow him to prepare a defense during the disciplinary hearing held that day. He was temporarily placed in segregation.

Plaintiff says that another sergeant reviewed the camera footage that same day and placed his cell mate in segregation for assaulting him. Plaintiff was released from segregation at that point.

Plaintiff sues defendants under the Equal Protection Clause because he was treated differently than other inmates.

**Discussion**

The Court finds that plaintiff's Eighth and Fourteenth Amendment claims against defendants Buckner, Vandergriff, and Ward in their individual capacities survive initial review and should not be dismissed at this time. As a result, the Court will direct the Clerk to serve process on these defendants.

Plaintiff's claim against McGill is that he was denied due process during his initial hearing regarding the assault. For the Due Process Clause to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. *Id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement). As a result, the Court will dismiss McGill from this action.

Plaintiff's official-capacity claims against defendants are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Therefore, these claims are dismissed as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Dwight Buckner, Todd Vandergriff, and Willie Ward.

**IT IS FURTHER ORDERED** that defendant Michael McGill is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

An Order of Partial Dismissal will be filed separately.

Dated this 19th day of February, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE