UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEVON JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV28 SNLJ |
| | ) | |
| DWIGHT BUCKNER, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for reconsideration. The Court dismissed defendant Michael McGill under 28 U.S.C. § 1915(e) because plaintiff's allegations against him failed to state a claim upon which relief can be granted. Plaintiff argues that the Court did not fully understand his allegations against McGill and seeks to have him reinstated. The motion is denied.

### **Background**

Plaintiff alleges that on December 29, 2014, defendants Buckner and Ward were informed that personal property had been stolen from several prison cells. He says that they reviewed the camera footage and determined who stole the property. He claims that they knew he did not steal anything, but he says they publicly accused him of being the thief in order to place him in segregation and cause the other inmates to harm him. Plaintiff alleges that Buckner and Ward were motivated to punish him because he is African-American.

Plaintiff asserts that defendant Vandergriff reviewed the camera footage and saw that Buckner and Ward had falsely accused him. Vandergriff then ordered that plaintiff be returned to the general population. Plaintiff claims that Vandergriff, Buckner, and Ward were aware that

releasing him to the general population put him in danger of being attacked by other inmates. Plaintiff alleges that the other inmates had told prison officials that they intended to harm the person who stole their property.

Plaintiff was assaulted the following day by several inmates. He says he suffered severe physical injuries as a result. Plaintiff alleges that defendant McGill, who was one of the prison's investigators, issued him a conduct violation for participating in a riot. Plaintiff contends that the conduct violation did not contain all of the relevant facts regarding the incident. He claims that he was not allowed to prepare an adequate defense to the charges. And he says that McGill allowed him to be placed in the prison's restrictive housing unit as a result of the false conduct violation.

**Discussion**

The Court dismissed McGill from this action finding that plaintiff's Due Process Clause claim against him failed because plaintiff failed to allege that he suffered an atypical or significant hardship from his placement in restrictive housing. Plaintiff claims that the Court failed to adequately address the false conduct violation, his conspiracy claim, and his claim under the Equal Protection Clause.

Plaintiff's claim that McGill gave him a false conduct violation is not actionable under § 1983. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam).

To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can survive review under 28 U.S.C. § 1915(e). *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir.

1993). Plaintiff's allegations with regard to a conspiracy are wholly conclusory and are unsupported by factual allegations showing a meeting of the minds between McGill and the other defendants. Therefore, this claim fails as a matter of law.

Plaintiff claims that his rights under the Equal Protection Clause were violated because he was treated differently than the other "innocent" inmates. A plaintiff must "allege and prove something more than different treatment by government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722. *See Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ( "[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment"). In this case, plaintiff merely alleges that he was treated differently than the other inmates. There are no factual allegations showing that McGill purposefully discriminated against him because of his race or any other characteristic. As a result, his equal protection claim fails as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [ECF No. 7] is **DENIED**.

Dated this 3rd day of March, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE